**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**Mridul Sharma,**

                **Plaintiff,**                             **1:26-cv-01921**

                **-against-**                          **COMPLAINT**

**EmblemHealth, Inc. and**
**Hire Right, LLC,**

                **Defendants**
-----------------------------------------------------------------x

Plaintiff, MRIDUL SHARMA ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendants EMBLEMHEALTH, INC. ("Emblem Health") and HIRE RIGHT, LLC ("HireRight"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant EmblemHealth, Inc. ("Emblem Health") for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3), by rescinding Plaintiff's conditional offer of employment without first providing the required pre-adverse action notice, a copy of Plaintiff's consumer report, and a Summary of Rights under the FCRA. Plaintiff was offered employment with Emblem Health but lost that job opportunity when Emblem Health relied on a background report prepared by Defendant HireRight, LLC ("HireRight") and took adverse action against Plaintiff without affording him a meaningful opportunity to review or dispute the report before the decision was made.

1

2.    Plaintiff also brings this action against Defendant HireRight for violating 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer report, and for violating 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation after Plaintiff disputed inaccurate information relating to his prior employment. HireRight reported that Plaintiff's prior employment could not be verified based on the use of an incorrect telephone number and failed to correct the error despite Plaintiff's prompt dispute and provision of accurate contact information.

3.    Plaintiff brings this action against both Defendants for actual, statutory, and punitive damages, as well as statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

4.    The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

5.    This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

6.    Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7.    Plaintiff, a natural person, was at all relevant times a resident of the State of New York, Queens County, and qualifies as an individual "consumer" within the meaning of the FCRA and NY FCRA.  See 15 U.S.C. § 1681a(c) and N.Y. GBL § 380-a(b).

8.    Defendant Emblem Health Services Company, LLC ("Emblem Health") is a limited liability

2

company duly authorized and qualified to do business in the State of New York. Emblem Health is a "user of consumer reports" within the meaning of the FCRA, 15 U.S.C. § 1681b, and obtained and used Plaintiff's consumer report for employment purposes.

9.    Defendant HireRight is a Tennessee corporation, duly authorized and qualified to do business in the State of New York. HireRight qualifies as a "consumer reporting agency" within the meaning of the FCRA.  See 15 U.S.C. § 1681a(f). HireRight specialized in providing background reports for employers.

## FACTUAL BACKGROUND

10.  Plaintiff is qualified to work as a Facilitated Enrollment Representative and possesses the education, training, and work experience necessary to perform that role. Prior to applying with Emblem Health Services Company, LLC ("Emblem Health"), Plaintiff maintained employment with multiple employers, including positions that were verified during the background screening process.

11.  On December 3, 2025, Plaintiff received communication from Emblem Health regarding a job opportunity for a Field Facilitated Enrollment Representative position.

12.  Following that communication, Plaintiff applied for employment with Emblem Health in December 2025.

13.  On December 5, 2025, Plaintiff received communication from Emblem Health regarding next steps in the hiring process and was invited to attend an open house and interview event in connection with the position. These communications reflected that Plaintiff had progressed in the hiring process and was being actively considered for employment.

14.  On December 11, 2025, Emblem Health extended a formal offer of employment to Plaintiff

for the position of Facilitated Enrollment Representative.

15. The position was a full-time role offering compensation of up to $60,000 annually and eligibility to participate in Emblem Health's sales incentive program, along with associated employment benefits.

16. Plaintiff was pleased with the offer and accepted it on December 11, 2025. Following his acceptance, Plaintiff began preparing to commence employment with Emblem Health pursuant to the terms of the offer.

17. The offer was contingent upon completion of pre-employment requirements, including a background screening conducted by HireRight, LLC ("HireRight").

18. On December 11, 2025, Emblem Health sent HireRight a request to conduct a background screening on Plaintiff, which was completed on December 19, 2025.

19. On December 11, 2025, Plaintiff electronically authorized the background screening and received copies of the Screening Disclosure and Authorization forms.

20. Plaintiff timely completed all required onboarding steps and complied with Defendants' instructions.

21. On December 18, 2025, at approximately 3:08 PM, Plaintiff received an email stating that additional information was needed regarding employment verification.

22. On December 18, 2025, at approximately 3:40 PM, Emblem Health rescinded Plaintiff's offer of employment. The rescission communication did not identify the specific basis for the adverse action.

23. On December 19, 2025, HireRight provided its completed background report on Plaintiff. The report listed an "Adjudication Status" of "Does Not Meet Company Standards." Under the

Employment Report section, HireRight stated "Canceled per Requester" for Plaintiff's employment with Rollin Studios and designated that entry as "Does Not Meet Company Standards."

24. Plaintiff was not provided with a pre-adverse action notice before Emblem Health rescinded the offer.

25. Plaintiff was not provided a copy of his background report or a Summary of Rights under the Fair Credit Reporting Act prior to rescission of the offer.

26. Plaintiff first became aware that a background report had been prepared when he accessed the HireRight Applicant Center portal on December 20, 2025. Prior to that date, Plaintiff had not been informed that a report had been completed or that he could review or dispute its contents.

27. On December 22, 2025, Plaintiff submitted a dispute to HireRight regarding the employment verification entry relating to Rollin Studios. Plaintiff informed HireRight that the background report reflected an incorrect telephone number for that employer, which had resulted in a failed verification. Plaintiff provided the correct telephone number and employer address and requested that the verification process be completed using the accurate information.

28. On December 23, 2025, HireRight informed Plaintiff that the dispute investigation had been completed and that the employment verification request had been canceled by the hiring company.

29. Despite Plaintiff's prompt efforts to correct the verification issue and provide the accurate contact information, the employment opportunity had already been terminated by Emblem Health before the dispute process concluded.

30. Plaintiff was never provided a meaningful opportunity to respond to or dispute the background report before the employment offer was rescinded.

31. As a direct and proximate result of Defendants' conduct, Plaintiff lost a conditional offer of

5

employment with Emblem Health.

32.  Plaintiff has suffered harm as a result of Defendants' conduct here. The misleading and inaccurate information reflected in Plaintiff's HireRight background report damaged Plaintiff's professional reputation and cost him a job with Emblem Health. Moreover, Emblem Health's failure to provide Plaintiff with the required pre-adverse action notice and related disclosures under the Fair Credit Reporting Act deprived Plaintiff of the opportunity to review and dispute the report before the adverse action was taken, thereby depriving him of the ability to exercise his legal rights under the Act.

### FIRST CAUSE OF ACTION
VIOLATION OF THE FCRA
Against All Defendants

33.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

34.  Defendant HireRight willfully, (or in the alternative negligently) violated 15 USC § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff.

35.  Specifically, the July 29 report HireRight sent to Emblem Health erroneously stated that HireRight was unable to verify Plaintiff's prior employment.  In fact, Emblem Health could have verified Plaintiff's prior employment if it used the corrected phone number provided by Plaintiff. Defendants knew, or should have known, that the reports contained erroneous and misleading information.

36.  Defendant HireRight willfully, (or in the alternative negligently) violated 15 USC § 1681i(a)(4) by failing to review all relevant information submitted by Plaintiff with respect to such

disputed information.

37.   Defendant HireRight willfully, (or in the alternative negligently) violated 15 USC § 1681i(a)(6) by failing to provide Plaintiff with notice of the result of its dispute re-investigation.

38.   Defendant Emblem Health willfully, (or in the alternative negligently) violated 15 U.S.C. 1681(b)(B)(3) by failing to provide Plaintiff with a "pre-adverse action" notice including a copy of the HireRight report a notice of Plaintiff's rights under the FCRA.

39.   Defendant Emblem Health willfully, (or in the alternative negligently) violated 15 U.S.C. 1681m by failing to provide Plaintiff with an adverse action notice including a copy of the HireRight report a notice of Plaintiff's rights under the FCRA.

40.   Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated:  March 31, 2026

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
550 Kinderkamack Road, Suite 117
Oradell, NJ 07649
(646) 713-1008
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*